UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF: )
)
MICHAEL A. ORSENO, SR., d/b/a ) CASE NO. 06 B 02497
MONARCH ROOFING COMPANY, INC., )
)
Debtor

## FINAL PRETRIAL ORDER
(Trustee's Objection to Claim No. 4)

On April 10, 2008, there was a status conference held in Chicago, Illinois.

### ADMISSIONS

All well pleaded facts admitted in the pleadings are admitted into evidence, unless objections are filed to relevance or prejudice at least 5 calendar days prior to trial.

### STIPULATIONS

To the extent reasonably possible, the parties will stipulate in writing to facts and documents, and their said stipulation is admitted into evidence. Copies of stipulated documents should be appended thereto. If a joint pretrial statement is filed, admitted facts and documents are deemed stipulated and are admitted into evidence, and such earlier stipulations need not be repeated.

### DISCOVERY

All formal discovery will be conducted under the Federal Rules of Civil Procedure as incorporated in the Federal Rules of Bankruptcy Procedure pertaining to discovery, with times for notices and responses shortened to 7 calendar days.

### EXHIBITS AND DEPOSITIONS

At least 7 calendar days prior to the trial date, all parties are to exchange among themselves and also deliver to the Court in chambers copies of all exhibits they intend to introduce in evidence. **Each exhibit must be clearly numbered, tabbed, and contained in a binder.**

Each party shall clearly number each proposed exhibit and deposition transcript sought to be used in the order of its probable presentation at trial. Each document must be given a separate exhibit number. Prepare a list of those numbered exhibits with a very brief identification of each. Copies of those exhibit lists shall be exchanged among the parties and delivered to the Court in

chambers with copies of the exhibits listed, and the original exhibit lists shall be filed with the Clerk with proof of service.

If there is any objection to any exhibit so listed and exchanged, each objection must be stated in writing and filed and served 5 calendar days before trial. If no written objection is made to the Court and copy of the objection served on the proponent within 5 calendar days before trial, such exhibits will be received in evidence without any further authentication or hearing as to relevance or any other issue. If objections are filed, only those express objections filed will be considered and all other possible objections are deemed waived.

If deposition transcripts are to be offered, portions offered by each party will be separately color-coded on the face thereof, and each portion objected to will be bracketed on the face thereof by an objector's color code, so that the Court may see the portions offered and objected to by each party merely by examining the transcript. If the whole transcript is to be offered without objection, then no markings will be made. However, in that event, the proponent will also tender an abstract of the deposition.

All original exhibits (or copies marked and used as originals) will be held by the party offering same, and leave is given to withdraw same after they are admitted into evidence. The copies thereof delivered to the Court will be held by the Court until the ruling is given, and then discarded. The Court's copies will not be returned to counsel or the clerk.

**In addition, if the hard copies of a party's exhibits submitted to the Court exceed one single 3-inch ring binder, the party must also submit the exhibits to the Court on a CD-ROM in pdf format, with each exhibit as a separate document, and with bookmarks for major divisions and for any attachments to the exhibit. Two copies of each CD-ROM must be submitted to the Court and one copy to each opponent counsel, and each shall be labeled with the name of the case and the party on whose behalf it is submitted.**

Even if a party's exhibits do not exceed one binder, each party is urged to submit all exhibits on CD-ROM following the foregoing procedure to allow easier display on courtroom equipment at trial.

## WITNESSES

At least 7 calendar days prior to the trial date, the parties are to exchange and file with the Clerk of Court lists of the names and all witnesses they intend to present at trial, together with a brief summary of each separate area of testimony said each such witness will present. Copies of those lists will also be delivered to the Court in chambers. All reasonably anticipated objections to testimony and all motions to limit testimony of a witness identified by an opposing party shall be filed within 5 calendar days after receipt of the witness list required by this paragraph.

## EXPERT AND RULE 701 WITNESSES

If any parties are to use expert witnesses or lay witnesses to testify under Federal Evidence Rule 701 at trial, those witnesses should be identified on the witness lists provided hereinabove and

- 2 -

their written reports and opinions identified on the exhibit lists provided hereinabove. If no such written reports or opinions exist, then 7 calendar days before trial, the party offering such expert(s) or Rule 701 witness(es) shall for each such witness file and serve a statement of the subject matter on which such witness shall testify, the substance of the facts and opinions to which such witness is expected to testify, and a summary of grounds for each opinion.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Five (5) calendar days prior to the trial, each party shall file with the Court and serve on opposing parties proposed detailed Findings of Fact and Conclusions of Law. Conclusions of Law must cite authority and must at the outset state this Court's jurisdiction. A trial brief may be filed with the proposed Findings and Conclusions if desired, but the filing of such brief will not excuse the filing of draft proposed Findings and Conclusions. Any party not filing proposed Conclusions of Law or a brief may be found to have waived legal issues not thereby presented. Any party not filing proposed Findings of Fact may be found to have withdrawn any dispute as to fact findings proposed by the other side.

## TRIAL COUNSEL

All counsel who will be lead counsel at trial will certify, as part of their pretrial materials, that they are admitted to the trial bar of this District Court or have been excused by order upon their motion filed and served.

## TRIAL DATE

Trial is set for **May 5, 2008**, beginning at **1:30 p.m**. Trial will be held in courtroom 682, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois. Each party is limited to 2 trial hours.

## SANCTIONS FOR NON-COMPLIANCE

Failure to comply with any portion of this Order will result in appropriate sanctions under Fed. R. Civ. P. 16 (Fed. R. Bankr. P. 7016) unless non-compliance is excused for good cause.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated and entered this 10th day of April 2008.

06 B 02497

## CERTIFICATE OF SERVICE

I, Dorothy Clay certify that on April 10, 2008, I caused to be mailed by United States first class mail copies of the foregoing Pretrial Order to the following:

Arthur W Rummler
Grochocinski, Grochoinski & Lloyd Ltd
1900 Ravinia Place
Orland Park, IL 60462
Counsel for Debtor

Steven R Radtke
Chill Chill & Radtke P C
79 W. Monroe Street
Suite 1305
Chicago, IL 60603
Counsel for Trustee

Alexander S Knopfler
Alex Knopfler & Associates Ltd.
225 N Michigan Ave Suite 1100
Chicago, IL 60601
Trustee

*Dorothy Clay*
Secretary/Deputy Clerk