UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MICHAEL A. ORSENO, Sr. d/b/a ) | No. 06-B-02497 |
| MONARCH ROOFING COMPANY, INC. ) | |
| ) | |
| Debtor. ) | |

## OPINION ON TRUSTEE'S OBJECTION TO CLAIM NO. 4

Debtor, Michael A. Orseno, Sr. d/b/a Monarch Roofing Company, Inc. ("Debtor"), filed on March 14, 2006, his voluntary petition for relief under chapter 7 of the Bankruptcy Code. When he filed, Debtor was married to Carole P. Orseno ("Mrs. Orseno"). On October 30, 2006, Mrs. Orseno filed an Adversary Complaint here to Determine Dischargeability of Debt and Objection to Discharge, alleging that Debtor fraudulently forged her signature on mortgage documents relating to their marital residence. Mrs. Orseno separately filed a Proof of Claim ("Claim No. 4") against the bankruptcy estate based on the same factual allegations of fraud contained in her Adversary Complaint.

While the bankruptcy pended, a Petition for Dissolution of Marriage filed by Debtor against Mrs. Orseno was also pending in the Circuit Court of Cook County. On February 19, 2007, Mrs. Orseno filed a Motion in the bankruptcy court to dismiss her Adversary with prejudice as part of a "global" settlement of issues in the divorce proceedings. An Order dismissing the Adversary proceeding with prejudice was entered on March 23, 2007.

Alexander S. Knopfler is the duly appointed, qualified and acting Chapter 7 trustee (the "Trustee"). On February 8, 2008, the Trustee filed his Objection to Claim No. 4. The Trustee

argues that, as a result of the dismissal of her Adversary with prejudice, Mrs. Orseno does not have any claim against the bankruptcy estate. Mrs. Orseno's response framed the question as an issue of claim preclusion, (Carole Orseno's Pretrial Submission at 3-4), arguing that the Trustee has not established the elements of claim preclusion.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## CONCLUSIONS OF LAW

A Final Pretrial Order was entered on the Trustee's Objection to Claim No. 4, requiring the parties to file proposed Findings of Facts and Conclusions of Law prior to an evidentiary hearing that was scheduled. According to that Order, "Conclusions of Law must cite authority.... Any party not filing proposed Conclusions of Law or a brief may be found to have waived legal issues not thereby presented." (Final Pretrial Order at 3.) The parties' proposed Findings and Conclusions contain many conclusory statements and arguments but very little authority in support thereof. For example, the Trustee does not provide any authority in support of his argument that "[w]hen Claimaint represented to the Court that a global settlement had been reached in her divorce case and when she dismissed the Adversary Complaint with prejudice, there was no longer any basis for her claim." (Amended Trustee's Pretrial Submission at 3 ¶ c.) Similarly, Mrs. Orseno recites the elements of claim preclusion, but does not provide any

authority supporting her conclusory assertions that the Trustee has failed to establish those elements. (Orseno's Pretrial Submission at 3-4.)

At the scheduled evidentiary hearing, both parties agreed that the Objection rests only on a question of law, and they each through their counsel waived their right to put on evidence. They thereby rested as to proofs relied on, namely the uncontested history recited here. In this circumstance the Opinion here will stand as Findings of Fact and Conclusions of Law following trial.

The proposed Findings and Conclusions submitted in compliance with the Final Pretrial Order "establish[] the issues to be considered at trial." Gorlikowski v. Tolbert, 52 F.3d 1439, 1443-44 (7th Cir. 1995). Contrary to Mrs. Orseno's argument, whether or not her claim is barred by principles of claim preclusion is not dispositive of the pending objection. Notwithstanding the Trustee's similar failure to assist the Court in framing the legal issues to be decided, it is found and held that Mrs. Orseno failed to satisfy her burden for establishing the validity of Claim No. 4.

1.   *Burden of Proof*

Neither the Bankruptcy Code or Federal Rules of Bankruptcy procedure require an objection to claim to take a particular form other than it be made in writing and filed with the court. 11 U.S.C. § 502; Fed. R. Bankr. P. 3007; 5A Fed. Proc., L. Ed. § 9:1438. According to 11 U.S.C. § 502:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.
>
> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall

determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount....

A validly filed proof of claim constitutes *prima facie* evidence of the claim's validity. Fed. R. Bankr. P. 3001(f). A party objecting to the proof of claim, in this case the Trustee, has the initial burden to produce some evidence on legal point to overcome this rebuttable presumption. In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); In re Missionary Baptist Found. of America, 818 F.2d 1135, 1143 (5th Cir. 1987). The burden then shifts back to the claimant to produce evidence or legal point meeting the objection and establishing the claim. In re Chapman, 132 B.R. 132, 143 (Bankr. N.D. Ill. 1991). "[T]he ultimate burden of persuasion always remains with the claimant to prove entitlement to the claim." In re McCoy, 355 B.R. 69, 72 (Bankr. N.D. Ill. 2006).

2.   *Nature of Mrs. Orseno's Purported Claim*

The Bankruptcy Code defines a "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10). Under the Code, "claim" is defined as the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." 11 U.S.C. § 101(5)(A). The term "debt" means liability on a claim. 11 U.S.C. § 101(12), and is coextensive with claim. Inskeep v. Grosso (In re Fin. Partners, Ltd.), 116 B.R. 629, 635 (Bankr. N.D. Ill. 1989).

The concepts of liquidated, contingent and disputed claims are interrelated but not interchangeable. In re McGovern, 122 B.R. 712, 714-15 (Bankr. N.D. Ind. 1989). A claim is contingent if "the existence or accrual of liability depends upon some future event that may never

happen or upon a condition which may never be fulfilled...." Id. at 715. In this context, "liability" does not refer to a judgment, but that "all of the allegations upon which the fact of liability is based related to events that have already occurred...." Id. at 716. Whether a finder of fact imposes liability is irrelevant for purposes of determining whether a claim is contingent or not. In this case, all the factual allegations giving rise to Mrs. Orseno's fraud allegations have occurred and, therefore, her claim was noncontingent when filed.

Liquidation relates to the amount of any liability. Id. at 715. "A claim is often characterized as liquidated if the amount due can be readily ascertained either by reference to an agreement or through simple arithmetic." Id. (citations omitted). If judgment or discretion is necessary to determine the amount of the claim, it is unliquidated. Id. (citing First National Bank v. Insurance Co., 606 F.2d 760, 769-70 (7th Cir. 1979). In this case, if the claim stands it will be possible to determine the amount of Mrs. Orseno's claim by reference to the allegedly fraudulent mortgage documents and, therefore, her claim could be liquidated but was unliquidated when it was filed.

The issue of whether a claim is contingent or noncontingent, liquidated or unliquidated usually arises in the context of determining a debtor's eligibility for bankruptcy. See id. at 713. The question here is not Debtor's eligibility for relief under facts complained of, but whether or not Mrs. Orseno continues to have any valid claim at all. "Although the definition of claim is broad, the existence of a valid bankruptcy claim depends on (1) whether the claimant possessed a right to payment and, (2) whether that right arose before the filing of the petition." Riverwood Int'l Corp. v. Olin Corp. (In re Manville Forest Prods. Corp.), 225 B.R. 862, 866 (Bankr. S.D.N.Y. 1998). Mrs. Orseno's claim is now disputed because the Trustee disputes her right to

any payment. "Disputes concerning a claim can involve a challenge to the existence of liability and/or its amount...." Id. at 716 (citations omitted).

3. *The Bankruptcy Court Has Subject Matter Jurisdiction to Enter Judgment on the Allegations in Mrs. Orseno's Adversary Complaint.*

The bankruptcy court has concurrent jurisdiction to adjudicate prepetition, unliquidated claims against a debtor by trial or other litigation procedure. In re Fillion, 181 F.3d 859, 863 n.4 (7th Cir. 1999). Alternatively, a creditor could seek relief from the automatic stay, prosecute and liquidate the claim in state court, and then return to the bankruptcy court with a state court judgment and seek a declaratory judgment in an Adversary proceeding that the state court judgment is nondischargeable. See Cowen v. Kennedy (In re Kennedy), 108 F.3d 1015, 1017 (9th Cir. 1997) (citing In re Lambert, 76 B.R. 131, 132 (E.D. Wis. 1985)).

As a second alternative procedure, in N.I.S. Corp. v. Hallahan (In re Hallahan), the Seventh Circuit recognized the jurisdiction of the bankruptcy court "to settled both the dischargeability of the debt and the amount of the money judgment" in an Adversary proceeding. 936 F.2d 1496, 1508 (7th Cir. 1991). This accords with "the rule generally followed by courts of equity that having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief." Id. (quoting Alexander v. Hillman, 296 U.S. 222, 242 (1935)). Thus, the third method for resolving a disputed claim is to seek a money judgment as part of an Adversary proceeding objecting to dischargeability.

Mrs. Orseno sought to resolve her disputed claim by filing an Adversary Complaint objecting to discharge and dischargeability under 11 U.S.C. §§ 727(a)(3), (a)(4)(A), (a)(5), and 523(a)(2)(A). In that proceeding she expressly requested entry of a dollar judgment resolving the

amount of claim. The Trustee argues that Mrs. Orseno effectively abandoned that claim when she voluntarily dismissed the Adversary with prejudice.

4.   *The Trustee Has Rebutted the* Prima Facie *Validity of Mrs. Orseno's Claim*

A validly filed proof of claim constitutes *prima facie* evidence of the claim's validity. Fed. R. Bankr. P. 3001(f). The Trustee can rebut that presumption by producing "evidence of a probative force equal to the allegations of the creditor's proof of claim." In re Grabill, 121 B.R. 983, 992 (Bankr. N.D. Ill. 1990). In this case, Mrs. Orseno's Proof of Claim is based on the allegations contained in her Adversary complaint. A court may take judicial notice of sources "whose accuracy cannot reasonably be questioned." Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1084 (7th Cir. 1997) (quoting Fed. R. Evid. 201(b)). See also Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994) (affirming lower court's reliance on public court documents filed in an earlier proceeding). Debtor filed an Answer in the Adversary proceeding denying the future allegations of fraud. But most significant, that Adversary proceeding and its complaint about fraud was dismissed with prejudice. Thus, the burden shifts back to the claimant to produce grounds meeting the legal objection that the claim no longer exists. In re Chapman, 132 B.R. 132, 143 (Bankr. N.D. Ill. 1991).

5.   *Mrs. Orseno Does Not Have a Valid Bankruptcy Claim*

"Claim preclusion" bars the relitigation of claims or issues that could have been raised in a prior suit between the parties or their privies that was decided on the merits. Alexander v. Chicago Park Dist., 773 F.2d 850, 853 n.1 (7th Cir. 1985). The elements of claim preclusion, therefore, are: (1) an identity of the claim in the two suits; (2) an identity of parties or privies in

the two suits; and (3) a judgment "on the merits" in an earlier action. Brzostowski v. Laidlaw Waste Sys., 49 F.3d 337, 338 (7th Cir.1995).

Mrs. Orseno cites Edwards v. Sieger (In re Seiger) for the proposition that an objection to dischargeability under 11 U.S.C. § 523 is declaratory in nature and, therefore, does not provide identity of causes of action for purposes of the pending Objection to Claim disputing the underlying liability. 200 B.R. 636, 638-39 (Bankr. N.D. Ind. 1996) ("The essential purpose of the litigation is to obtain a declaration that a particular debt is dischargeable or non-dischargeable." (Citing Hallahan, 936 F.2d at 1505)). However, claim preclusion bars the relitigation of claims or issues raised or that could have been raised and, therefore, whether a claim is part of the same cause of action depends on whether there is "'a single core of operative facts' which give rise to a remedy." Alexander, 773 F.2d at 854 (citations omitted). The opinion in Sieger went on to say that:

> "[e]n route to answering this question [of dischargeability], however, the court must, of necessity, also determine that there is actually a debt owed by the debtor to the creditor. In absence of an enforceable obligation to pay, there is no liability to be discharged and nothing which needs to be the subject of a dischargeability debate."

Id. at 639 (citations omitted). In other words, Mrs. Orseno must establish that she has a right to payment. Riverwood Int'l Corp., 225 B.R. at 866. The alleged fraud which gave rise to the asserted nondischargeable debt and Claim No. 4 depends on a single core of operative facts and, therefore, the issue of liability and dischargeability are a single cause of action.

Thus, the question is what types of claims could have been brought and were brought in the 11 U.S.C. § 523 nondischargeability action. According to 11 U.S.C.

§ 523(a)(2)(A), "A discharge under section 727 ... of this title does not discharge an individual debtor from any *debt* for money ... to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition...." (Emphasis added). The term "debt" means liability on a claim. 11 U.S.C. § 101(12). The term "claim" means right to payment. 11 U.S.C. § 101(5)(A).

If an objection to claim is made, "the court, after notice and a hearing, shall determine the amount of such *claim* ... and allow such *claim* ... except to the extent that such claim is *unenforceable* against *the debtor* and *property of the debtor*, under any agreement or *applicable law* for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1) (emphasis added).

This case is analogous to Gen. Elec. Credit Corp. v. Dunn (In re Dunn), where the bankruptcy court denied a creditor's claim for a finding of nondischargeability, because the statute of limitations on the underlying claim had already run. 50 B.R. 664, 666 (Bankr. W.D.N.Y. 1985). In Dunn, the court found that the claim was unenforceable under the applicable state law statute of limitations and, therefore, the creditor had no claim on which to seek nondischargeability.

The validity of a creditor's claim is determined by state law. Grogan v. Garner, 498 U.S. 279, 283 (1991) (citations omitted). Contrary to Mrs. Orseno's conclusory statement that "there was no final judgment on the merits of the adversary action," (Orseno's Pretrial Submission at 4), under Illinois law, a voluntary dismissal with prejudice is an adjudication on the merits. Van Slambrouck v. Marshall Field & Co., 424 N.E.2d 679, 682 (Ill. App. Ct. 1981). Federal courts

give the same preclusive effect to voluntary dismissals with prejudice in applying the principles of *res judicata*. See U.S. v. Outboard Marine Corp., 104 F.R.D. 405, 410 (N.D. Ill. 1984) (citing 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2367 at 185-86 (1971)) *aff'd* 789 F.2d 497 (7th Cir. 1986). According to the court in Van Slambrouck:

> Once a cause of action has been adjudicated on the merits, whether by a dismissal with prejudice or by an adjudication after trial, the plaintiff is barred by the doctrine of res judicata and collateral estoppel from bringing a second action against the same defendant alleging any matter relating to the same causes of action which was or might have been litigated in the first suit. Thus it seems clear that plaintiff abandoned not only his position and rights, but even the claim itself.

424 N.E.2d at 682. Thus, like the creditor in Dunn, Mrs. Orseno's claim is unenforceable against the debtor and property of the debtor under applicable Illinois law of *res judicata* (properly used to encompass the principles of both claim and issue preclusion).

## CONCLUSION

Mrs. Orseno cannot establish that she has a right to payment under a valid bankruptcy claim. For the foregoing reasons, a separate Final Judgment will be entered sustaining the Trustee's Objection to Claim No. 4 and entering judgment for the Trustee.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 10th day of June 2008.

## CERTIFICATE OF SERVICE

I, Dorothy Clay certify that on June 10, 2008, I caused to be mailed by United States first class mail copies of the foregoing Order on Trustee's Objection to Claim No. 4 to the following:

Arthur W Rummler
Grochocinski, Grochoinski & Lloyd Ltd
1900 Ravinia Place
Orland Park, IL 60462
Counsel for Debtor

Steven R Radtke
Chill Chill & Radtke P C
79 W. Monroe Street
Suite 1305
Chicago, IL 60603
Counsel for Trustee

Alexander S Knopfler
Alex Knopfler & Associates Ltd.
225 N Michigan Ave Suite 1100
Chicago, IL 60601
Trustee

_____
Secretary/Deputy Clerk